**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF NORTH CAROLINA**
**ASHEVILLE DIVISION**
**CIVIL CASE NO. 1:15-cv-00253-MR**

| | |
|---|---|
| *IN RE* TERESA JO CROWE,               )<br>                                                          )<br>    Debtor,                                       )<br>_____ )<br>                                                          )<br>**LANGDON M. COOPER, Trustee in** )<br>**Bankruptcy for Teresa Jo Crowe,**   )<br>                                                          )<br>    Appellant,                                  )<br>                                                          )<br>vs.                                                    )<br>                                                          )<br>**FAYE LANEY,**                               )<br>                                                          )<br>    Appellee.                                   )<br>_____ ) | **O R D E R** |

Trustee Langdon M. Cooper appeals the Bankruptcy Court's Order [AP Doc. 23],[1] which granted Faye Laney's Motion to Dismiss [AP Doc. 15] the Trustee's Amended Complaint [AP Doc. 12] filed in Adversary Proceeding Number 15-02001 for failure to state a claim.  Both the Trustee and Laney have filed their respective briefs herein.  [Docs. 4 & 5].

---

[1] Citations to the record are as follows: Citations to the record in the Adversary Proceeding Case No. 15-2001 have the prefix letters "AP" before the document reference.  Citations to the record in this Court contain no prefix letter before the document number.

This Court's review of the Bankruptcy Court's Order dismissing the Trustee's adversary proceeding, being a purely legal determination, will be de novo. In re Johnson, 960 F.2d 396, 399 (4th Cir. 1992).

Bankruptcy Rule 7008 directs that the general rules of pleading applicable in the federal district courts are to be followed in an adversary proceeding filed in bankruptcy court. Id. (Fed. R. Civ. P. 8 applies in adversary proceedings). Thus, the Court reviews a motion to dismiss a claim in an adversary complaint consistent with Rule 12(b)(6) of the Federal Rules of Civil Procedure, focusing only on the legal sufficiency of the complaint, and "accepting as true the well-pled facts in the complaint and viewing them in the light most favorable to the plaintiff[.]" Brockington v. Boykins, 637 F.3d 503, 505 (4th Cir. 2011). To survive a motion to dismiss made pursuant to Rule 12(b)(6), a party's allegations, treated as true, are required to contain "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). On the one hand, the claim need not contain overly "detailed factual allegations[.]" Id. at 555. On the other hand, however, "a formulaic recitation of the elements of a cause of action will not do[,]" nor will mere labels and legal conclusions suffice. Id. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable

for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). The mere possibility that the defendant acted unlawfully is not sufficient for a claim to survive a motion to dismiss. Twombly, 550 U.S. at 570. The touchstone, therefore, is plausibility and not possibility.[2]

The Bankruptcy Court issued a detailed opinion thoroughly analyzing the issues raised by the Trustee's Amended Complaint and the Defendant's Motion to Dismiss. The Trustee's claim centers on the allegations that the Debtor caused a corporation that she owns (ALC) to conduct its business in a manner that benefitted the Defendant, who is the landlord of the corporation. Particularly, the Trustee alleges that ALC made improvements to the real property owned by the Defendant during the pendency of the leasehold, which then worked to the benefit of the Defendant at the termination of the lease. The Trustee alleges this constitutes a fraudulent conveyance, or alternatively gives rise to a resulting trust or constructive trust over the real property.

---

[2] For reasons that are not explained, the Trustee argues that the 12(b)(6) standard under the North Carolina Rules of Civil Procedure should govern. [Doc. 4 at 9]. The Trustee cites to Twombly and Iqbal, but then applies the state standard set out in Sutton v. Duke, 277 N.C. 94, 102, 176 S.E.2d 161, 165 (1970) as controlling. That state procedural standard is different from what applies in Federal Court after Twombly and Iqbal.

ALC, of course, is not the Debtor in this matter. ALC is a separate legal entity owned by the Debtor. The Bankruptcy Court held that for the Trustee to sustain this claim he needed to allege sufficient facts to plausibly assert a claim for piercing the corporate veil of ALC. [AP Doc. 23 at 5 (citing Troy Lumber Co. v. Hunt, 251 N.C. 624, 627, 112 S.E.2d 132, 134 (1960) and Timber Integrated Investments, LLC v. Welch, 225 N.C. App. 641, 652, 737 S.E.2d 809, 817 (2013)]. The Trustee does not dispute this. Instead, the Trustee argues that he has sufficiently alleged facts to pierce the corporate veil. [Doc. 4 at 9-11].

In order to make a claim for piercing the corporate veil, a plaintiff must show that the corporation "had no separate mind, will or existence of its own" at the time of the alleged improvements and realty expenses. Timber Integrated Investments, 225 N.C. App. at 652, 737 S.E.2d at 817. The Trustee's allegations in his Amended Complaint, however, undermine such showing. Rather than alleging that the Debtor ignored corporate formalities necessary to maintain ALC's separate existence, the Trustee asserts that such formalities were carefully observed. The Trustee alleges that ALC kept separate accounts and financial records, and filed separate tax returns. [AP Doc. 12 at ¶ 15]. The Trustee also alleges that ALC had a common "triple net" lease arrangement with the Defendant whereby ALC would pay all

4

taxes, insurance, and upkeep on the premises, an allegation which establishes nothing regarding ALC's separate existence, or lack thereof. [Id. at ¶ 15(h)-(j)]. In short, the Trustee makes no allegations from which the Court can conclude that it is plausible that the Debtor disregarded the corporate existence of ALC such as to warrant piercing the corporate veil. In fact, the Trustee's allegations make the opposite conclusion much more plausible.

Further complicating the Trustee's position is the fact that the Bankruptcy Court also dismissed the Trustee's fraudulent transfer claim based on the statute of limitations. [AP Doc. 23 at 6]. The transfers of which the Trustee complains date back to 2003, with the most recent alleged to have taken place in 2012. The Trustee does not appeal from this portion of the ruling below. Therefore, this determination is left undisturbed.

The Trustee attempts to circumvent the statute of limitations problem by asserting that ALC has a purchase money resulting trust (PMRT) in the leasehold property. [Doc. 4 at 11-13]. The Trustee is correct that the statute of limitations for this claims is ten years. As correctly stated by the Bankruptcy Court, however, a PMRT arises, if at all, at the time of the acquisition of the property, i.e., the time the purported trustee "becomes invested with the title to real property." Wright v. Wright, 305 N.C. 345, 352,

289 S.E.2d 347, 352 (1982) (quoting Teachey v. Gurley, 214 N.C. 288, 292, 199 S.E.2d 83, 86-87 (1938)). [See AP Doc. 23 at 6]. The Trustee alleges that the Defendant is the owner of the real property in question [Amended Complaint at ¶ 11], and alleges an acquisition date of August 6, 2003 [Id. at ¶ 15(k)]. Therefore, the purported trustee of the PMRT (Defendant) "became invested with the title" more than ten years before this action was initiated. As such, this claim appears to be outside the statute of limitations as well. More importantly, however, the Trustee does not allege that ALC paid the purchase price at the time of the acquisition of the property by the Defendant. As the Bankruptcy Court stated below, "The trust is created in order to effectuate what the law presumes to have been the intention of the parties in these circumstances – that the person to whom the land was conveyed hold it as trustee for the person who supplied the purchase money." [AP Doc. 23 at 6 (quoting Wright, 305 N.C. at 352)]. The facts alleged by the Trustee are insufficient to give rise to a claim for a PMRT.

As yet another alternative, the Trustee argues that he has stated a claim for a constructive trust in the real property. The Trustee concedes that this claim is timely only if the ten-year statute of limitations applies. [Doc. 4 at 13-14]. The Trustee further concedes that this would require that the Trustee to have plausibly asserted that the Defendant owed a fiduciary duty

6

to ALC. [Id.]. There is, however, no such allegation in the Amended Complaint. The Trustee neither asserts that there was a fiduciary relationship nor does he put forth any facts on which the Court could conclude that such a fiduciary duty existed. Even if the Trustee had made such an allegation, however, that would extend only to the Defendant's relationship *with ALC*. This would not give rise to a constructive trust for the benefit of the Debtor. To make that claim, the Trustee would have to show that ALC is synonymous with the Debtor (i.e., pierce the corporate veil). As addressed above, however, the Trustee has failed to plausibly allege such a claim.

In summary, the Bankruptcy Court's analysis was detailed and accurate. The Trustee's assignments of error to that decision are without merit. For these reasons, the Judgment of the Bankruptcy Court is affirmed.

**IT IS, THEREFORE, ORDERED** that the Bankruptcy Court's November 2, 2015, Order [AP Doc. 23] is hereby **AFFIRMED**.

**IT IS SO ORDERED.**

Signed: March 15, 2017

Martin Reidinger
United States District Judge